ROBERT BARNES ET AL., TRADING AS ROBERT BARNES & SONS, PROSECUTORS, v. ESSEX COUNTY PARK COMMISSION ET AL.

Argued June 3, 1913—Decided November 10, 1913.

1. *Certiorari* will lie in favor of private prosecutors to review an ordinance enacted by a county park commission, when it appears that such prosecutors have a personal property interest which will be specially affected in an injurious manner by the enforcement of such ordinance.
2. The statute of 1870 (*Pamph. L.*, *p.* 181) authorizing the Essex public road board to lay out avenues in the county of Essex, is a public law of which the courts will take judicial notice.
3. An avenue laid out by the Essex public road board under authority of the act of 1870 (*Pamph. L.*, *p.* 181), which act vested the board with power to lay out avenues "for the convenience of public travel by carriages and other vehicles in said county, which said avenues shall be deemed and taken to be public roads or highways," is a public highway.
4. A common highway is presumably for all people, and the public easement therein includes the right to use the street for purposes of passage by the public, and, therefore, to employ any means directly conducive to that end which do not substantially interfere with the customary use of the street by any portion of the public or with the recognized rights of abutting owners.
5. When it is claimed that the legislature has granted power to a county park commission to impair the public easement in a common highway by prohibiting business traffic thereon, its grant of such power, being in derogation of the common right to use the highway in the customary manner, will be construed strictly and clear authority for the enactment of the prohibition must be found.

6. The Park Commission act (*Comp. Stat.*, p. 4168) under which by section 6 (*Comp. Stat.*, p. 4172) the county park commission is empowered to "regulate the use" of "parkways" or "highways," and which by the amendment thereto of 1907 (*Pamph. L.*, p. 180) is authorized to enact "rules and regulations for the protection, regulation and control of such * * * parkways," does not empower such commission to impair the use of an avenue which was laid out as a public highway and used as such by the public for forty years without restriction, by prohibiting the use of the avenue for vehicles ordinarily used for business traffic in public streets.

On *certiorari*.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the prosecutors, *Borden D. Whiting*.

For the defendants, *Alonzo Church*.

The opinion of the court was delivered by

TRENCHARD, J.   On January 7th, 1913, the Essex County Park Commission passed an ordinance, entitled "An ordinance for the regulation and control of the vehicular traffic on the parkway known as Park avenue, within the limits of the county of Essex, and under the jurisdiction of the Essex County Park Commission."

The ordinance provides as follows:

"Section 1. That public omnibuses, express wagons, carts or other vehicles, carrying or ordinarily used to carry merchandise, goods, tools or rubbish, however propelled, shall be excluded from said avenue from Roseville avenue in the city of Newark, to the end of said avenue, in West Orange, except as it may be necessary to carry supplies to or from residences on either side of the avenue, or, in case of buildings erected fronting on said avenue, when it shall be lawful to carry building materials thereto.   In all cases, however, such vehicles must enter said avenue from the street next to such residence or house in course of construction, and shall leave the same at the next following intersecting street.

"Section 2. That express wagons, carts or other vehicles, carrying or ordinarily used to carry merchandise, goods, tools or rubbish, however propelled, shall take station close to the curb and parallel with the main axis of the avenue, and shall not be left standing in any other position.

"Section 3. Any person violating any of the provisions of this ordinance shall be liable for each offence to a fine of not less than $2 nor more than $50."

The prosecutors obtained this writ of *certiorari* to review the ordinance.

It appears that the prosecutors, residents and taxpayers in Essex county, are engaged in the grocery business in the Oranges and have a store on Park avenue in East Orange. Their customers are located in various parts of the suburban municipalities, some on Park avenue, and more elsewhere, and prosecutors deliver them their goods by means of the ordinary grocery delivery wagons, of which they use six in number, and which constantly use Park avenue.

The store of the prosecutors fronts on the avenue and there is no other access thereto. In the loading and unloading of their wagons prosecutors necessarily use this front entrance and Park avenue.

On its face the ordinance would, if enforced, immediately affect the property interest of the prosecutors and they would suffer a special injury beyond that suffered by the remainder of the public. This is strikingly obvious. The ordinance excludes from the avenue, except in special instances where delivery is to be made to a Park avenue residence, all vehicles, however propelled, ordinarily used to carry goods or merchandise. The prohibition is sweeping and, of course, includes the grocery wagons of prosecutors. Unless such wagons are bound for a Park avenue residence they are required to keep off the thoroughfare. The result would be that, even for the purpose of loading and unloading in the ordinary case, they could not come to the only entrance to prosecutors' store. On the other hand, vendors of the kind of merchandise sold by prosecutors would also be precluded from delivering their goods to prosecutors at the entrance to the prosecutors' store,

for the exception provided in the ordinance is the case of delivering supplies to a residence. No one resides at the store of prosecutors and it is, moreover, a store and not a residence. Under these circumstances prosecutors are entitled to contest the validity of the ordinance by *certiorari. Tallon* v. *Hoboken,* 31 *Vroom* 212.

We are of opinion that the ordinance is unlawful.

Park avenue is and has been a public highway for nearly half a century. It was laid out under authority of an act of the legislature of 1870 (*Pamph. L., p.* 181), of which the court will take judicial notice. *Kirtland* v. *McCloud,* 51 *Vroom* 337.

Section 1 of the act empowers the Essex public road board to lay out, construct, appropriate and maintain a number of avenues, including Park avenue, for the purpose of "free carriage roads in the county of Essex."

Section 2 vests the board with all the rights and powers necessary and expedient to survey, construct and maintain the avenues "for the convenience of *public travel by carriages and other vehicles* in said county, *which said avenues shall be deemed and taken to be public roads or highways."*

The section last quoted fixes the character of Park avenue as a public highway. It further appears that when the avenue was laid out as a public highway the adjoining property was assessed for benefits, and that the avenue has been used as a common public road without restriction, or attempted restriction, until the ordinance under review was passed.

A common highway is presumably for all people, and the public easement therein includes the right to use the street for the purpose of passage by the public, and, therefore, to employ any means directly conducive to that end which do not substantially interfere with the customary use of the street by any portion of the public or with the recognized rights of abutting owners. *Clausen* v. *de Medina,* 53 *Vroom* 491; *Kennelly* v. *Jersey City,* 28 *Id.* 293; *Nicoulin* v. *Lowery,* 20 *Id.* 391.

As we have seen, the ordinance under review cuts down the ordinary use of Park avenue considered as a common

highway, and impairs the public easement, by prohibiting business traffic and the use of the avenue for vehicles ordinarily used for business traffic on public streets.

Subject to the indefeasible right of abutting owners to access to and from the street, it may be conceded for the purpose of this case that the legislature itself may in its wisdom impair the public easement in a common highway by prohibiting business traffic thereon, and that such power may be delegated. But when the claim is made that it has done so, its grant of such power, being in derogation of the common right to use the highway in the customary manner, will be construed strictly, and clear authority for the enactment of the prohibition must be found. *Clausen* v. *de Medina, supra; Green* v. *Trenton,* 25 *Vroom* 92.

The contention of the park commission is, and of course must be, that the legislature has delegated to it the power to pass the ordinance in question.

It is conceded that the exclusive care, custody and control of Park avenue has, under authority of section 18 of the Park Commission act (*Comp. Stat., p.* 4178), been transferred to the park commission. *Kirtland* v. *McCloud, supra.*

The power of the commission to pass ordinances is found in the amendment to the Park Commission act (*Pamph. L.* 1907, *p.* 180), as follows:

"The said board shall have full power and authority and is hereby empowered to pass and enact, alter, amend and repeal *rules and regulations for the protection, regulation and control of such parks and parkways* * * * and to prescribe fines and penalties for the violation of such *rules and regulations* and to fix the amount of the same. Such *rules and regulations* shall take effect ten days after their passage by said board, and after their publication once a week for four weeks in at least five newspapers circulating in said county."

Section 6 of the act (*Comp. Stat., p.* 4172) provides as follows: "That the said board shall have power and authority not only to lay out and open roadways, parkways and boulevards, connecting parks and open spaces as herein provided,

but shall have authority to establish the grade of such *highways* and change and alter the same, to grade, curb, flag, pave and otherwise improve the said parkways, roadways and boulevards, *and to regulate the use thereof."*

Section 16 (*Comp. Stat., p.* 4178) forbids railroads in or on the parks, boulevards, parkways or roadways laid out under the act except by the approval of the board.

Section 17 (*Comp. Stat., p.* 4178) empowers the commission to make *rules and regulations* for the government and use of its parks, parkways, &c., and requires such rules and regulations to be posted within such parks and on such boulevards and *other highways.*

Such are the pertinent powers of the commission as delegated by the legislature. It is from these that the commission must show its right to prohibit business traffic on a street which was laid out as a public highway, used and enjoyed as such by the public for forty years without restriction, and the control of which has been transferred to the commission.

It is first to be noted that the legislature itself considered that the parkways and boulevards laid out under the act were to be highways. It so refers to them in sections 6 and 17 of the Park Commission act (*supra*).

It is next to be noted that the legislature has delegated to the commission the power to regulate and control such highways, and that this regulation and control extended to the use thereof. But nowhere in the act is there any specific reference to traffic on the highways, or to business traffic as distinguished from pleasure traffic, and nowhere in the entire act is there any authority, specific or inferential, to impair or prohibit in whole or in part the use and enjoyment by the public of the highways called parkways with the vehicles commonly used upon other public streets.

True the act gives power to protect, regulate and control the parkways and regulate their use. This it may do in many ways without necessarily or at all prohibiting business vehicles to use the avenues. No doubt it may regulate the speed of vehicles, make rules of the road, require the carrying of lights or bells, forbid the leaving of horses standing un-

hitched, control the method of street paving and street openings, the passing of traffic at congested crossings, protect by proper rules and regulations the grass plots and shrubbery and do countless other things of a regulatory nature without impairing the common use of a highway.

But the power to regulate and control is not necessarily the power to prohibit. 2 *Dill. Mun. Corp.* (*5th ed.*) 933, § 596; *Township of Summit* v. *New York and New Jersey Telephone Co.,* 12 *Dick. Ch. Rep.* 127; *Clausen* v. *de Medina, supra; McConville* v. *Jersey City,* 10 *Vroom* 43, 44; *Burlington* v. *Pennsylvania Railroad,* 11 *Dick. Ch. Rep.* 261; *Madison* v. *Morristown Gaslight Co.,* 18 *Id.* 120 (reversed on other grounds) ; 28 *Cyc.* 907, 908.

Now, as we have seen, the commission prohibits business vehicles on Park avenue. This it does under an ordinance entitled an ordinance for the "regulation and control" of vehicular traffic. This prohibition goes much further than mere regulation. Whether, if Park avenue had never existed as a common highway, and the public had never enjoyed the full easement of a street therein, the commission, under a power to regulate, could have excluded certain kinds of traffic from the highway it is not necessary to determine, for such is not the present case. Park avenue was opened and long used and enjoyed by the public as a common public street. If this public enjoyment is now to be impaired it can only be because the legislature has passed some act under which power to that end has been clearly granted and expressed, and this, as we have seen, it has not done.

In this connection it is significant that the only specific prohibition as to the use of the parkways as ordinary highways is that against the laying out and maintenance of railroads without first obtaining the approval of the commission. If the legislature had intended to grant power to restrict the use of the parkways to pleasure driving, it could easily have done so by apt language, as in the legislation of similar character considered in the Hudson county boulevard case. *Clausen* v. *de Medina, supra.* There the act authorizes

the board by rules and regulations *"to limit and prevent the driving or travel thereon of loaded or heavy trucks, wagons or carts."* Pamph. L. 1891, p. 79, § 3.

The legislature recognized there the rule that mere power to regulate and control is not the power to impair or prohibit a use commonly enjoyed by the public in a highway, and in terms specifically grants the additional power to *limit and prevent* travel thereon of a specified kind. No such provision can be found in the Park Commission act under consideration.

For the reasons stated the ordinance under review will be set aside, with costs.