DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

MARCH TERM, 1914.

---

ROBERT BARNES ET AL., PROSECUTORS-RESPONDENTS, v. ESSEX COUNTY PARK COMMISSION ET AL., DEFENDANTS-APPELLANTS.

Argued March 13, 1914—Decided September 25, 1914.

1. The right of the legislature to impair the public easement in a public highway by prohibiting vehicular business traffic thereon, is undoubted; and, therefore, the question whether the Essex County Park Commission may prohibit vehicular traffic upon the parkway known as Park avenue, depends upon whether or not the terms of the statute, under which it acts, are broad enough to include that power. If under the legislative authorization to enact rules for protecting, regulating and controlling highways, business vehicles may be prohibited the use of the parkway, then it has such power, otherwise not. The commission has not the power to prohibit all traffic; but, *quære*, may it not for the protection of highways make a regulation that business vehicles of such heavy draught as would tend to injure and destroy them shall not use them, save, perhaps, under exceptional circumstances? This question is at least debatable, and, therefore, should not be foreclosed.

2. Because the use of Park avenue by grocery delivery wagons such as are owned and used by the prosecutors, is not necessary for that highway's protection, the ordinance under consideration prohibiting such use is unreasonable. Protection of the highway in question does not require the exclusion of such wagons therefrom.

141

On appeal from the Supreme Court, whose opinion is reported in 56 *Vroom* 70.

For the appellants, *Alonzo Church.*

For the respondents, *Borden D. Whiting.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.   The Essex County Park Commission on Jaunary 7th, 1913, passed an ordinance excluding from the parkway known as Park avenue in Essex county "omnibusses, express wagons, carts or other vehicles carrying or ordinarily used to carry merchandise, goods, tools, or rubbish, however propelled,   *   *   *   except as it may be necessary to carry supplies to or from residences on either side of the avenue, or in case of buildings being erected fronting on said avenue, when it shall be lawful to carry building materials thereto."

The prosecutors, respondents, engaged in the grocery business and having a store on Park avenue (the one in question) with customers located, some of them on the avenue, and more elsewhere, to whom they delivered goods by means of ordinary grocery delivery wagons, of which they run six in number, constantly using the avenue for delivery purposes, obtained a *certiorari* to review the validity of the ordinance.

The Supreme Court, after hearing, set the ordinance aside and the respondents appealed.

We agree with the Supreme Court that Park avenue, laid out under authority of the act of the legislature, (*Pamph. L.* 1870, *p.* 181), is a public highway.   This is so by the express language of that statute, which enacts that the avenues, when constructed by the board "shall be deemed and taken to be public roads or highways."   It is true, too, that Park avenue has been used as a public road and highway without restriction until restricted use was attempted to be imposed upon it by the ordinance under consideration.

The Supreme Court in its opinion says that if the public enjoyment of the avenue is now to be impaired it can only

be because the legislature has passed some act under which power to that end has been clearly granted and expressed, and that this has not been done.

The act under which the commission is empowered to pass ordinances (*Pamph. L.* 1907, *p.* 180, § 1) provides:

"The said board shall have full power and authority and is hereby empowered to pass and enact, alter, amend, and repeal rules and regulations for the protection, regulation and control of such parks and parkways."

And in section 6:

"That the said board shall have power and authority not only to lay out and open roadways, parkways and boulevards, connecting parks and open spaces as herein provided, but shall have authority to establish the grade of such highways and change and alter the same, to grade, curb, flag, pave and otherwise improve the said parkways, roadways and boulevards, and to regulate the use thereof."

The Supreme Court holds that "the power to regulate and control is not necessarily the power to prohibit." To this, as a general proposition, we agree, but are unwilling to concede that the statute, under which the ordinance in question was passed, is not broad enough to permit of prohibiting the use of the avenue by heavy business vehicular traffic.

In the opinion of the Supreme Court it is stated that the legislature may impair the public easement in a public highway by prohibiting business traffic thereon, and that such power may be delegated. And this is plainly the law.

Now the right of the legislature to impair the public easement in a public highway by prohibiting vehicular business traffic thereon is conceded; and, therefore, the question whether the park commission may prohibit vehicular traffic upon this particular highway depends upon whether or not the terms of the statute, under which it acts, are broad enough to include that power. If under the legislative authorization to enact rules for protecting, regulating and controlling the highway, business vehicles may be prohibited the use of the parkway, then it has such power, otherwise not. Of course the commission has not the power to prohibit

all traffic; but may it not for the protection of highways make a regulation that business vehicles of such heavy draught as would tend to injure and destroy the road shall not use the highway, save, perhaps, under exceptional circumstances? We think this question is at least debatable, and that, therefore, it should not be foreclosed.

Because of the use of Park avenue by grocery delivery wagons, such as are owned and used by the prosecutors, is not necessary for that highway's protection, the ordinance under consideration prohibiting such use is unreasonable. Protection of the highway in question does not require their exclusion therefrom.

The judgment of the Supreme Court setting the ordinance aside will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BOGERT, VREDEN-BURGH, HEPPENHEIMER, JJ.   9.

*For reversal*—None.