14 N.J. Super. 134 (1951)
81 A.2d 409
MORRIS PIVNICK AND NEWARK BUILDERS SUPPLY COMPANY, A NEW JERSEY CORPORATION, PLAINTIFFS,
v.
CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND JOHN B. KEENAN, DIRECTOR OF PUBLIC SAFETY OF THE CITY OF NEWARK, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 29, 1951.
*135 Messrs. Riker, Emery & Danzig (Mr. Charles Danzig appearing), attorneys for plaintiffs.
Mr. Charles Handler (Mr. George B. Astley of counsel), attorney for defendants.
WILLIAM A. SMITH, J.S.C.
This action in lieu of prerogative writ is brought to review an ordinance regulating traffic on Voorhees Street in the City of Newark. The case was heard by the court on testimony, a stipulation of facts, exhibits, and argument.
The individual plaintiff is the owner and the corporate plaintiff the lessee of premises abutting on the dead end and northerly side of Voorhees Street, which runs westerly for two blocks from Leslie Street in the City of Newark, across Fabyan Place and then across the Town of Irvington line for a short distance, and terminates in a dead end at the property of the plaintiffs, which is located in Irvington and also extends easterly on the north side of the street for some 91-odd feet in the City of Newark. The street and premises are shown on a survey attached to the complaint. There is *136 also in evidence a tax map showing the block in question. The Voorhees Street entrances to the plaintiffs' premises are in Irvington at the dead end and on the northerly side of the street.
The stipulation of facts admits that Voorhees Street terminates in Irvington at the dead end and at plaintiffs' property. This property is now used for a building material business and has been since about 1912, and most of it is situated in Irvington; the balance in the City of Newark has the frontage of 91-odd feet. The property in Irvington is zoned for heavy industry, and the part in Newark is zoned for second residential use, but it is claimed that the plaintiffs' premises in Newark has, together with the premises in Irvington, been used for a building material business continuously since before the passage of the Newark zoning ordinance. Other than private garages, there are abutting on Voorhees Street between Fabyan Place and the Irvington line 10 buildings, all used for dwelling purposes except one, whose first floor is used as a store. From the Irvington line to the dead end, the frontage other than the plaintiffs' consists of property owned by one Karl Schaaf, abutting on the dead end on the southerly side of Voorhees Street. This property is used for business purposes and has erected on it a one-story cement building with a brick front. It has no access to a public highway other than its frontage on the dead end in Irvington. The plaintiffs' property has a frontage on its westerly side on South 20th Street, Irvington.
On November 1, 1950, the city authorities adopted an amendment to the ordinance of the city which provides for controlling of vehicular traffic. This ordinance contains a great many traffic provisions, including among others, the limitation of more than 100 streets as one-way streets and of parking on many others. The amendment here under review applies to section 11 of the original ordinance, which reads as follows:
"Section 11. That express wagons, trucks, carts or other vehicles carrying or ordinarily used to carry merchandise, goods, tools or *137 supplies, however propelled, shall be excluded from the following streets, in the City of Newark.
Highland avenue  From Bloomfield avenue to Verona avenue.
Second avenue  From Summer avenue to Lake street.
Clifton avenue  From Bloomfield avenue to Verona avenue.
Heller Parkway  From Summer avenue to Belleville Line.
Elwood avenue  From Summer avenue to its western terminus at Branch Brook Park.
Lake street  From Bloomfield avenue to Verona Avenue.
except as may be necessary to carry merchandise goods, tools or supplies from or to buildings on either side of the aforementioned thoroughfare.
That such express wagons, trucks, carts or other vehicles carrying or ordinarily used to carry merchandise, goods, tools or supplies, however propelled, shall take station close to the curb, and parallel thereto, and shall not be left standing in any other position."
The amending and supplementing ordinance added the following:
"Voorhees Street  from Leslie Street to Irvington Line."
The practical effect of the amendment is to prohibit commercial vehicles from using Voorhees Street up to the Irvington line, with the exception that such vehicles may carry merchandise and so forth to or from buildings on either side of "the aforementioned thoroughfare," meaning, I take it, buildings on Voorhees Street up to the Irvington line. The effect of limiting this exception to the thoroughfare in the City of Newark is to prohibit commercial vehicles access to the plaintiffs' property over Voorhees Street, a public thoroughfare.
R.S. 39:4-197 delegates power to municipalities to pass ordinances "Limiting use of streets to certain class of vehicles," provided the approval of the Commissioner of Motor Vehicles is obtained in accordance with R.S. 39:4-8, which was done in the instant case. The right thus delegated is to be exercised under the police power. See Garneau v. Eggers, 113 N.J.L. 245, 248, 249 (Sup. Ct. 1934). Special circumstances should exist to warrant limitation of the use of a street (Id., p. 249), and the ordinance should bear a *138 direct relationship to public safety and be reasonable and not arbitrary or discriminatory. Our courts have dealt with this question under a statute authorizing the governing body to make rules for the regulation and control of highways in Barnes v. Park Commission, 85 N.J.L. 70 (Sup. Ct. 1913), which held that the authority delegated in that particular instance did not authorize the prohibition of the use of the highway for vehicles ordinarily used for business traffic on public streets and (at p. 75) that abutting owners have "an indefeasible right * * * to access to and from the street." On appeal, 86 N.J.L. 141 (E. & A. 1914), it was held that the Legislature was empowered to authorize governing bodies to prohibit use of the highways to heavy traffic, and that it was debatable whether business traffic could be prohibited, but that an ordinance prohibiting the use of business vehicles to and from a property owner's place of business was unreasonable. The case, however, recognizes the right to prohibit the use of heavy vehicles that will damage the highway. The reservation in section 11 of the original ordinance would seem to protect the right of property holders on Voorhees Street up to the Irvington line to have commercial vehicles use the street and have access to their buildings, but does not protect access to the property generally or to the property and buildings on the dead end in Irvington.
It is advisable to inquire into the facts of this particular case to determine whether the amendment reviewed is reasonable and not arbitrary or discriminatory. Previous to the passage of this amendment there were only six streets in the City of Newark where the city had limited traffic in the manner provided by section 11, and those streets are so situated that their limitation might be said to form a general scheme for limiting traffic in the residential section of the northwest part of the City of Newark commonly known as the Mount Prospect or Forest Hill section. That section is uniformly developed with residences, and sufficient streets in the neighborhood are exempted from the limitation to permit through traffic.
*139 Voorhees Street is narrow, but not unusually so for a city residential street. It is 29 and a fraction feet wide from curb to curb. This allows freely for three lanes of traffic, but only for one if cars are parked on both sides. The traffic attracted to the properties on the part of the street between the city line and Fabyan Place is probably negligible, so far as congestion is concerned, and of course there is no through traffic, the only other traffic being that which leads to the plaintiffs' property and that of Schaaf on the south side.
The evidence produced at the trial satisfies me that the ordinance is undoubtedly directed at the use of the street for traffic to and from the plaintiffs' property. This is, I think, evidenced by the petition addressed to the city authorities for the making of the street a no-truck street, which petition is attached to the stipulation of facts and designated Exhibit D. I am also satisfied that practically any abuse of the use of the street by the commercial traffic to and from the plaintiffs' property could be controlled by prosecution under the Traffic Act. The main objection to traffic to and from the plaintiffs' property is addressed to the use of the street by tractor and trailer vehicles, there being evidence that these large vehicles arrive at the corporate plaintiff's place of business before 7 A.M. and wait for it to open, and that they also, when the place of business is open, are parked waiting for other vehicles to unload, and block the street. There is also a dangerous use made of the street by these vehicles when backing out from near the dead end to Fabyan Place in order to go around to the South 20th Street entrance.
It is true that there is an entrance to plaintiffs' property on South 20th Street, but it is not a convenient one for access to all the plaintiffs' property. In order to reach the property fronting on the dead end, which is encircled by buildings, it is necessary to come through by South 20th Street and out the entrance on the north side of Voorhees Street. There is also a railroad siding which, when in use, blocks the entrance to the plaintiffs' property on the north side from South 20th Street. This siding is not generally used, but extends for *140 some distance, and when it is used, would block the entrance for a considerable period of time. I have already referred to the lack of any access other than through Voorhees Street to the Schaaf property on the south side of Voorhees Street.
Plaintiffs, through their ownership and interest in the frontage on Voorhees Street, have a special right different from the general users of the highway, and the curtailment of that right reflects against the value of their property. The requirement that the plaintiff have vehicles using their property obtain access to it through the South 20th Street entrance would still leave these vehicles the right to get to South 20th Street by using Beverly Street, which is a residential street similar to Voorhees and one block to the north. The case of Mr. Schaaf, whose only outlet to the public highway is through Voorhees Street for the truck which he uses in the conduct of this business, demonstrates, more than the limitations placed on the plaintiff, the unreasonable and arbitrary effect of this ordinance, which prohibits the use of the street for commercial vehicles on the part located in Irvington, while permitting such use to the buildings on the same block that are located in Newark. The answer to this charge of unreasonableness and arbitrariness and of discrimination by reason of this ordinance was given by the representative of the city to the effect that Mr. Schaaf would of course be allowed to use the street for his truck. I question the right of the city, under the power given to it to limit the use of streets to a certain class of vehicles, to exercise that power on a street such as this, which continues on into an adjoining municipality and leads to property in the other municipality located on a dead end, thereby depriving such property of the use of an outlet on the street.
Before stating my conclusion I wish to refer to certain additional facts in this case. The only traffic on this dead-end street from Fabyan Place west is to and from the residences I have referred to located in the City of Newark and the two properties at the dead end, Schaaf's and the plaintiffs'. Schaaf's only use is by his truck and the plaintiffs' use is by *141 its three commercial trucks in connection with deliveries to and from the premises, which is stated to average two trips daily. Other trucks and some tractors and trailers of others than the plaintiff also come to plaintiffs' property, and the evidence as to the number and manner of use of these commercial vehicles is in conflict. It is my conclusion that some of the trucks making deliveries, mostly tractors and trailers, abuse their right to use this street and these abuses are the basis of the property holders' objections which in turn gave rise to the city's enactment of the ordinance under review. The most objectionable use is that these trucks and tractors and trailers park in the middle of the street, as I have stated, arriving in the morning before the opening of the plaintiffs' yard and also waiting for trucks unloading in the yard to finish and come out, and that they endanger pedestrians, including children, by backing out to Fabyan Place. I should say, however, that this objectionable use would be prevented in most cases by prosecution for violation of traffic regulations. I do not say that the city might not prohibit the use of tractors and trailers on the street by reason of the street being a residential one, moderately narrow, and terminating at a dead end, so that the backing of these vehicles is required under certain circumstances, but these objections alone do not warrant prohibition of all commercial traffic. I was not impressed by the claim made on behalf of the city that commercial traffic on this street interferes with emergency vehicles' use of the street, bearing in mind that there are only ten residential detached buildings on the block in question, exclusive of private garages, and it should be noted that the fire hydrant which serves this street is located on the plaintiffs' property in Irvington.
My conclusion is that while the city may pass an ordinance limiting the use of the streets to certain classes of vehicles and in some cases, as in the Pulaski Highway case (Garneau v. Eggers, supra), prohibit them, the action of the city under the ordinance in this case in prohibiting the use of commercial vehicles over the block in question to and *142 from the plaintiffs' property, when necessary or convenient for the corporate plaintiff's business, is unreasonable, arbitrary and a discriminatory exercise of the right to pass traffic ordinances limiting the use of the streets to certain classes of vehicles. I therefore must hold that this ordinance is unreasonable, arbitrary and discriminatory and should be set aside.