CATHERINE D. DELANEY ET AL., RELATORS, v. BOARD OF COMMISSIONERS OF THE CITY OF HOBOKEN ET AL., RESPONDENTS.

Submitted October 11, 1929—Decided July 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the relators, *David A. Pindar*.

For the respondents, *John J. Fallon, Jr.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The relators in this case are the children of Edward Delaney, who was a member of the fire department of Hoboken, and who died on August 5th, 1926, from injuries received in the performance of his duty as such member of the fire department. They seek by this proceeding to compel the governing body of the municipality to pass an ordinance providing for the payment of a pension to the deceased fireman's family equal to the amount of his annual salary; the governing body having refused to take such action.

The rights of the parties depend upon the statutory provisions relating to pensions of members of fire departments. The first statute which has relevancy is chapter 160 of the laws of 1920 (*Pamph. L., p.* 324), which provides for the retirement of policemen and firemen. The third section of that statute is as follows: "The widow or children of any member of the police or fire department having paid into the pension fund the full amount of his annual assessments or

contributions, who shall have lost his life in the performance of his duty, * * * shall receive a pension equal to one-half of the salary of such member at the time of his death, not exceeding $1,000." It is admitted that Delaney, at the time of his death, had paid into the pension fund all of his annual assessments. In 1927 the legislature passed an amending statute (*Pamph. L., p.* 494), section 1 of which reads as follows: "Authority is hereby conferred upon the governing body of any municipality, by ordinance, to provide for the payment of an annual pension upon the death of any member of the fire department of such municipality, the death of whom has been or shall be occasioned from injuries received in the performance of duty as a member of the fire department; such pension shall not exceed annually the annual salary of such deceased member of the fire department at the time of such member's death; * * * and where the provisions of chapter 160 of the laws of 1920 have been adopted and a pension has been granted the deceased officer's family by reason of such 1920 act, the pension to be granted under this act shall not exceed annually one-half of the annual salary of such deceased officer at the time of his death."

The contention on the part of the relators is that by force of this latter statute, they are entitled to a compulsory direction to the municipality to pass an ordinance granting to them a pension equal to the full salary which was received by their deceased father. Our consideration of the case leads us to the conclusion that a peremptory writ should be denied. The language of the act of 1927, which declares that "authority is hereby conferred upon the governing body of any municipality, by ordinance, to provide for the payment of an annual pension, &c., &c.," seems to us to leave the adoption of such an ordinance to the discretion of the municipal body; in other words, that if that body considers it for the interest of the community to pass such an ordinance, it may do so, but if it thinks it unwise to impose the total amount of the pensions therein authorized upon the taxpayers of the municipality, it may refuse to exercise the authority conferred upon it by the statute.

Moreover, we are of the opinion that even if the obligation to pass such an ordinance as that described in the statute, is compulsory, it was not the legislative intent that each time a member of the fire department should come to his death from injuries received in the performance of his duty, a separate ordinance should be passed, but that a single ordinance embracing the whole subject-matter should be adopted by the municipality; that is, an ordinance providing for the payment of an annual pension to the families of each and every fireman who meets his death while performing his duty as such officer. For this reason we think the application to pass an ordinance confined to a single family, was properly denied, even if the legislative provision referred to is mandatory.

In the present case, after the death of Delaney, the relators declined to apply for the pension provided by the act of 1920. This is specifically stated in the return to the alternative writ, and is admitted in the reply to that return. We do not think that the family of a deceased officer who meets his death in the performance of his duty as a fireman can, by declining to apply for the pension provided by the act of 1920, claim that the municipality shall be compelled to pass an ordinance requiring the payment of the full salary to the family of the deceased fireman. The statute of 1927 declares that if the provisions of chapter 160 of the laws of 1920 (which it is conceded have been adopted by the city of Hoboken) had been adopted by a municipality and a pension has been granted to the deceased officer's family by reason of the 1920 act, the pension to be granted under this act shall not exceed one-half of the annual salary of such deceased officer. The family cannot deprive the municipality of the protection of this provision by declining to apply for a pension under the 1920 act.

Although not directly involved in the present controversy, we deem it advisable to point out for the benefit of the parties litigant that, as a result of the adoption by the municipality of the Pension Fund act of 1920, the children of the deceased fireman are entitled to the payments provided by that statute, even though—because of a misapprehension of

their legal rights—they declined to ask for it. Such declination did not operate to cancel the liability imposed upon the municipality by the statute, nor did it bar the children of the deceased fireman from subsequently claiming that the benefit conferred upon them by that statute should be recognized by the municipality, and that the resulting obligation imposed upon it should be performed.

For the reasons stated, a peremptory writ will be denied.