15 N.J. Super. 547 (1951)
83 A.2d 662
TERMINAL STORAGE, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF,
v.
TOWNSHIP OF RARITAN, A MUNICIPAL CORPORATION IN THE COUNTY OF MIDDLESEX, NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 8, 1951.
*549 Messrs. Eber & Eber (Mr. Alex Eber appearing), attorneys for plaintiff.
Mr. Thomas L. Hanson, attorney for defendant.
SMALLEY, J.S.C.
The plaintiff in this action challenges the validity of an ordinance adopted November 14, 1950, by the defendant municipality. The ordinance to be reviewed is entitled "An Ordinance Providing for the Regulation and Control of Vehicular Traffic on Certain Streets in the Township of Raritan, County of Middlesex, New Jersey, and Providing Penalties for the Violation thereof," which reads as follows:
"The Board of Commissioners of the Township of Raritan, County of Middlesex, New Jersey, do ordain as follows:
1. No person or persons shall operate or drive any commercial motor vehicle, truck, tractor, trailer, semi-trailer, or combination thereof, or any other vehicle carrying or ordinarily used to carry merchandise, goods, tools or supplies, however propelled, upon any of the following streets in the Township of Raritan, from which said streets the aforesaid vehicles are hereby excluded, to wit:
EASTSIDE AVENUE  FROM STATE HIGHWAY ROUTE 25 NORTHERLY TO WOODEDGE AVENUE.
WOODEDGE AVENUE  FROM EASTSIDE AVENUE EASTERLY TO OLD POST ROAD:
provided, however, that no provision of this ordinance shall prevent the operation of any of the aforesaid vehicles on any of the aforesaid streets for the specific purpose of carrying merchandise, goods, tools, or supplies from or to residences on either side of the aforementioned streets or any streets intersecting the same.
2. Any person or persons violating any of the provisions of this ordinance shall be subject to a fine of not more than $50.00, or imprisonment for the term of not exceeding fifteen days, or both, for each and every offense.
3. All ordinances or parts of ordinances inconsistent herewith be and the same are hereby repealed.
4. This ordinance shall take effect after final passage and publication in accordance with the laws of the State of New Jersey."
The plaintiff is the owner of a tract of land, together with buildings thereon, located in said Township of Raritan, having *550 a frontage of 382.55 feet on the public highway known as Eastside Avenue, by a depth of approximately 650 feet. Portions of the land in question have been leased to tenants in possession engaged in the trucking business who use the premises as a terminal for its trucks and trailers. Plaintiff's action attacks only that portion of the ordinance that applies to Eastside Avenue.
The lands of plaintiff and its tenants have an entrance on Eastside Avenue. This driveway is used for the purpose of operating its motor vehicles and trailer equipment to and from the public highway known as Eastside Avenue. In addition, the plaintiff has an easement over certain lands which permits the rolling stock of the plaintiff and its tenants to enter New Jersey State Highway No. 25. This easement does not appear to be laid out or marked, but plaintiff's motor trucks do cross the premises of a gas station into New Jersey State Highway No. 25.
It is the contention of the plaintiff that the enactment of the ordinance in question is unreasonable and arbitrary and that the limitation placed on Eastside Avenue bears no relationship to public safety. Defendant claims to the contrary and asserts that the ordinance bears a direct relationship to public safety and is reasonable and in no way arbitrary.
Thereafter, the matter was tried before this court and by consent and in the presence of counsel the court had the benefit of an inspection of the streets and area in question.
Eastside Avenue in the Township of Raritan, as it appears from an inspection, is a dirt or sand road with no sidewalks, running into and across New Jersey State Highway 25, and with the exception of buildings at the corner of Route 25 and Eastside Avenue the land fronting on Eastside Avenue is vacant until it merges into Woodedge Avenue.
The lands of the plaintiff fronting on Eastside Avenue are within a distance of less than 250 feet from New Jersey State Highway No. 25, which is a busy four-lane highway with the usual gas stations and places of business normally found on such a highway in congested areas.
*551 The testimony revealed that a substantial number of trucks and trailers move in and out of the plaintiff's lands during the 24 hours of each day, and there is no dispute that the plaintiff and its tenants have been occupying the premises in question for the purpose now used by it for some time prior to the enactment of the ordinance.
The practical effect of this ordinance is to prohibit commercial vehicles access to the plaintiff's property over Eastside Avenue, a public street.
R.S. 39:4-197 delegates power to municipalities to pass ordinances "Limiting use of streets to certain class of vehicles," provided approval of the Commissioner of Motor Vehicles is obtained in pursuance with R.S. 39:4-8, which approval was given in the instant case.
There is no dispute that the right thus delegated is to be exercised under the police powers of the municipality, Garneau v. Eggers, 113 N.J.L. 245, 248, 249 (Sup. Ct. 1934) and the rule has been laid down that the ordinance should bear direct relationship to public safety, be reasonable and not arbitrary or discriminatory.
The ordinance under review limits traffic to only a portion of Eastside Avenue. No other street in the Township of Raritan is so designated except Woodedge Avenue, which runs from Eastside Avenue easterly to Old Post Road.
No testimony was offered by any witness officially connected with the defendant municipality. Numerous witnesses, however, who live in the general vicinity testified that a certain number of school children who walk to school use Eastside Avenue, and it was argued that the plaintiff having an easement over other lands to New Jersey State Highway No. 25 could use this method of getting in and out of its premises for the sake of the safety of the children going to and from school.
A consideration of the maps and an inspection of the area disclosed that Old Post Road, a public street running generally parallel with Eastside Avenue and it, too, crossing New Jersey State Highway No. 25, has a light for the control of *552 traffic, while the crossing of New Jersey State Highway No. 25 by Eastside Avenue has no such traffic signal control.
There was testimony that the children using Eastside Avenue under these circumstances were in less danger than if they crossed New Jersey State Highway No. 25 at Old Post Road with its traffic signal controlling traffic. Such testimony is difficult to comprehend and is given no weight in the consideration of this matter. If it be a fact that children must cross New Jersey State Highway No. 25 at its intersection of Eastside Avenue with no traffic light to control traffic, it must be an experience fraught with danger far in excess of the possibility of encountering one of plaintiff's truck and trailers moving into Eastside Avenue for some 250 feet at an average of no more than three or four vehicles per hour.
The evidence produced at the trial satisfies me that the ordinance is undoubtedly directed at the use of the street for traffic to and from plaintiff's property.
During the inspection I observed a truck and trailer of the plaintiff using the easement, enter New Jersey State Highway No. 25. This operation was sufficient to satisfy me that such a method was hazardous and could create a state of confusion and real risk to the public using New Jersey State Highway No. 25.
Plaintiff's lands are zoned by the municipality for business, the immediate area being of the character expected bordering on one of the busy highways of this State. Eastside Avenue is narrow. It is unpaved without curb, gutters or sidewalks. Its present condition may very well present a problem to the defendant township. The solution, however, is not by eliminating certain traffic to the abutting landowners' detriment. These rights have always been recognized by our courts and are not to be lightly disturbed. Pivnick v. Newark, 14 N.J. Super. 134 (Law Div. May 29, 1951).
It is conceded that under certain conditions a municipality may pass an ordinance limiting the use of streets to certain *553 classes of vehicles and in some cases, as in Garneau v. Eggers, supra, prohibit its use by certain types of vehicles entirely.
The action, however, of the defendant township under the ordinance in this case, prohibiting the use of commercial vehicles over Eastside Avenue, can only be directed at the plaintiff's use of Eastside Avenue and is unreasonable, arbitrary and discriminatory.
The ordinance as to Eastside Avenue will accordingly be set aside.
A form of judgment on notice will be submitted.