**CLEVELAND (City), Plaintiff-Appellee, v. ANTONIO, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23286.  Decided March 9, 1955.

Ralph S. Locher, Director of Law, Bernard J. Conway, Police Prosecutor, E. V. Cain, Asst. Police Prosecutor, Cleveland, for plaintiff-appellee.
Frank K. Levin, Cleveland, for defendant-appellant.

## OPINION

By HURD, J:

This is an appeal on questions of law from a judgment of the Municipal Court of the City of Cleveland, wherein the defendant, a truck driver in the employ of The Barracelli Trucking Company, was arrested and found guilty of violating Section 9.2529 of the Traffic Code of the City of Cleveland, which by its terms prohibits the use of Deise Avenue by trucks, commercial tractors, trailers and semi-trailers during the night season from 10 P. M. to 6 A. M.

The material facts are not in dispute. The principal place of business and garage of The Barracelli Trucking Company is located at the end of Deise Avenue at or near its intersection with Kuhlman Avenue, and East 136th Street. This area is zoned by the City of Cleveland as a factory district.

At the time of his arrest, the defendant was operating an auto-car Diesel which was an oil-powered truck equipped with a muffler, the weight of which was from 12,040 to 13,040 pounds. The truck was unloaded and was being operated by the defendant at about 11:10 P M., on or about the 15th day of May, 1954, at a speed of approximately ten miles per hour. when he was stopped by a police officer of the Cleveland Police Department who handed him a summons to appear in police court, charged with a violation of that section of the Traffic Code which reads as follows:

"Section 9.2529 of the Codified Ordinance of the City of Cleveland:

"No person shall operate or cause to be operated, a truck with a gross weight in excess of 4-ton commercial tractor, trailer or semi-trailer, over Deise Avenue N. E., Kuhlman Avenue, East 133rd Street and East 136th Street, in the night season between the hours of 10 P. M. and 6 A. M."

The pertinent part of the affidavit against the defendant reads "* * * that on or about the 5th day of May, 1954, at said city and county, one John Antonio, being then and there in charge of and operating a certain vehicle, to-wit, a truck driven by gasoline power on Deise Avenue, a street in said city, did then and there as operator of a tractor over 4 ton net, to-wit, 13,000 pounds, operated said tractor on said street at 11:10 P. M. contrary to signs posted 'Thru trucks prohibited 11 P. M. to 7 A. M. over 4 ton' and further deponent says not; contrary to the form of an ordinance of said city in such cases made and provided * * * *"

Upon trial, the police officer, the only witness for the city, testified that there was no means of ingress or egress to or from the plant of the trucking company, other than Deise Avenue, Kuhlman Avenue, East 136th Street or East 133rd Street. This testimony was corrobated by the defendant. This testimony also is confirmed by the manifest provisions of the ordinance in question, which absolutely prohibits the use of the enumerated streets by commercial vehicles or tractors weighing in excess of four tons gross, between the stated hours, and the record is clear that these four streets are the only approaches by which the garage of The Barracelli Trucking Company can be reached. It was also testified by the officer that the garages of The White Motor Company and The Thompson Products Company are likewise subject to the same limitations. by reason of their location in this area.

The officer also testified that there were hundreds or thousands of streets in Cleveland similar to Diese Avenue and that the truck at the time of the arrest was not being "operated in any unusual manner and that it was not making any more unusual noise than other Diesels do."

The defendant testified that the trucks of the company were engaged in an operation twenty-four hours a day at the time of his arrest, in the delivery of stone for the construction of the Ohio Turnpike. but that the trucks were operated to and from the garage empty. for purposes only of servicing with oil, gasoline, tires or for parking purposes.

Before trial, counsel for the defendant made a motion for discharge of the defendant, upon the ground that the affidavit under which the defendant was first served was made out in blank. Thereafter, the case was continued and on May 17, 1954, a new affidavit was filed against the defendant. The defendant then filed a demurrer which was overruled, asking to be discharged for two reasons, (1) that the affidavit was defective and

(2) that the ordinance as applied to the defendant and his employer, is unconstitutional.

While there are nine assignments of error, the principal assignments have to do with the claimed defect in the affidavit and the claim that the ordinance as it relates to the defendant and his employer, is an unreasonable and arbitrary exercise of police power, contrary to **Article 18, Sec. 3 of the Ohio Constitution.**

As to the claim that the affidavit was defective, it is our view that the position of the City of Cleveland is well taken to the effect that while the affidavit would have been subject to a motion to quash, the demurrer did not reach the defect claimed because the gist of the offense charged was the operation of a commercial tractor weighing in excess of four tons gross weight between the restricted hours on Diese Avenue. The fact that it was powered by oil rather than by gasoline, as charged, did not detract from the gist of the offense, inasmuch as the affidavit states an offense, pursuant to Section 9.2529 of the Codified Ordinances of the City of Cleveland.

**Sec. 2941.59 R. C.** reads as follows:

"The accused waives all defects which may be excepted to by a motion to quash or a plea in abatement, by demurring to an indictment, or by pleading in bar or the general issue." (Emphasis added.)

Therefore, we hold that the court was not in error in overruling the demurrer attacking the sufficiency of the affidavit and in proceeding to trial on the merits.

A much more important question is presented, however, by the claim of the defendant that the ordinance is an unreasonable and arbitrary exercise of police power, contrary to **Article XVIII, Sec. 3 of the Ohio Constitution.** It is argued that because the garage base located at the end of Diese Avenue. is in a factory zoned district the ordinance as it applies to the defendant and his employer unreasonably deprives them of the use of the property, without due process of law, and deprives them of the right to use the public streets and highways in a reasonable manner, with vehicles licensed by the State of Ohio.

**Article XVIII, Section 3** of the **Ohio Constitution** reads:

"Municipalities shall have authority to exercise the powers of local self-government and to adopt and enforce within their limits such local police,. sanitary and other similar regulations as are not in conflict with general laws."

Cleveland is a Charter city. under the provisions of **Article XVIII, Section 7** of the **Ohio Constitution,** having adopted a Charter permitting it to exercise the powers of local self-government. The Charter Section 1, General Powers, provides in part:

"* * * may define, prohibit. abate, suppress and prevent all things detrimental to the health, morals. comfort, safety. convenience and welfare of the inhabitants of the city, and all nuisances and causes thereof; * * * may regulate and control the use, for whatever purposes, of the streets and other public places * * *."

The city seeks to justify the complete isolation of the plant of the trucking company under the preamble of ordinance 2205.53 which reads as follows:

"Whereas, the noise and vibration generated by the heavy flow of trucks, commercial tractors, trailers and semi-trailers over Deise Avenue N. E., during the night season constitutes a continuing nuisance and undermines the health and general welfare of the residents of Deise Avenue. and

"Whereas, this ordinance constitutes an emergency measure providing for the public health and safety for the reason that the health and welfare of the residents of Deise Avenue is being undermined by this nuisance; now therefore.

"Be it ordained by the Council of the City of Cleveland * * *."

(Then follows Section 9.2529 above quoted.)

At the outset, we must recognize that there is a general presumption in favor of the validity of municipal legislation. This rule is so firmly established that citation of authorities is unnecessary.

We must also recognize the rule that the burden of showing the unconstitutionality of an ordinance is upon the one challenging its validity and the proof that the ordinance is unconstitutional and an unreasonable and arbitrary exercise of police power must be clear and that the courts will not interfere unless it is clear that the ordinance has no real or substantial relation to the public health, safety, morals or welfare, or is unreasonable or arbitrary and infringes rights secured by the fundamental law of the State. See **10 O. Jur. 2d**, Constitutional Law, §152 et seq, **p. 255.**

**Article I, Section 19 of the Ohio Constitution** provides in part:

"Private property shall ever be held inviolate but subservient to the public welfare * * *."

The question presented is whether or not the ordinance in question, as it applies to this defendant and his employer, is in conflict with general laws and is an unreasonable, arbitrary exercise of police power.

In analyzing the evidence presented and the ordinance in question, we find that the property of defendant's employer, which in the conduct of his business he was required to use as a base of operations, is completely and effectually barred of all means of ingress and egress during the night season from 10 P. M. to 6 A. M. The effect of this prohibition is to prevent the use of the property for a necessary 24-hour operation.

There is no claim that the defendant was exceeding the speed limit or that he was driving in an unusual manner. It is also admitted that there was a muffler attached to the truck for the purpose of minimizing the sound of operation so that the gravamen of the offense merely was the operation of an empty truck weighing in excess of four tons gross.

We must also consider that the operation is not what is generally termed "through traffic" so that we are obliged to balance the claim of the city that the prohibition of use contained in the ordinance is in the interest of the public health and welfare, against the claim of defendant that the ordinance as it applies to him and his employer is a deprivation of his constitutional right to use the property in question in an area zoned for factory use, in a manner necessary to carry on the trucking business there located.

We find from the evidence as a fact that by blocking out Deise Avenue and the other three streets leading to the garage there is a complete isolation of the plant of the employer for any useful purpose, from all other streets in the city during the prohibited hours.

The defendant in the course of his employment for the trucking company must be allowed some reasonably convenient outlet or means of ingress or egress, without being subject to arrest, so long as he operates his vehicle in all respects in a safe, proper and lawful manner.

We think that if the ordinance provided some other reasonable outlet for the defendant and his employer, by reason of which ingress and egress could readily and conveniently be had to the garage base, then there would not be an unreasonable and arbitrary exercise of police power as to this defendant or a violation of property rights in the use thereof.

However, in view of the fact that this legislation is prohibitory in character and that all means of ingress and egress are effectually prevented between the hours stated, we conclude that there is here an unreasonable and arbitrary exercise of police power and a violation of constitutional rights which cannot be sustained by this court.

Here we must observe that a fundamental principle in determining the validity of a municipal legislation depends upon its operation and effect and not upon the mere form it may assume.

"The substance of an act, rather than its form, is of significance. In other words, the validity of a legislative enactment is to be resolved by its practical operation and not by its declared purpose."

10 O. Jur. 2d, Constitutional Law, §164 et seq, p. 268.

The declared purpose is praiseworthy, but the operation in its effect is to deny to the accused well founded and fundamental civil rights.

We have not been cited to any Ohio cases directly in point, by counsel for either of the parties to this litigation, nor have we been able to find any completely analogous. An Ohio case bearing upon the issue of municipal power under **Section III, Article XVIII** is **Cincinnati v. Correll, 141 Oh St 535**, which involves the question of limiting and fixing the hours of a business rather than fixing and limiting the hours and use of streets in connection with a business operation.

**Paragraph 1** of the syllabus reads as follows:

"1. **Section 3, Article XVIII** of the **Ohio Constitution** grants authority to municipalities to adopt and enforce within their limits such local police regulations as are not in conflict with general laws. A municipal ordinance passed under such authority, to be valid, must not be arbitrary, discriminatory, capricious or unreasonable, and must bear a real and substantial relation to the health, safety, morals or general welfare of the public."

In this well reasoned opinion the court said, inter alia, at page 539:

"The courts of this country have been extremely zealous in preventing the constitutional rights of citizens being frittered away by regulations passed by virtue of the police power. If an enactment is referable to the police power, to be valid, the court must be able to say that it tends in some substantial degree to the prevention of offenses, or the preservation of the health, morals, safety or general welfare of the public. Therefore, if it is apparent that there is no plausible, reasonable and substantial connection between the provisions of the act and the supposed evils to be suppressed, there exists no authority for its enactment. Legislative bodies may not, under the guise of protecting the public interest, interfere with private bus-

iness by imposing arbitrary, discriminatory, capricious or unreasonable restrictions upon lawful business."

Our attention has been called to cases outside of our jurisdiction which we consider more directly analogous and quite persuasive. In Pivnick v. City of Newark, 14 N. J. Super, 134; 81 Atl. Rep. 2d 409, decided in May, 1951, the court struck down an ordinance which denied to plaintiff the only convenient means of access to his property by excluding the commercial traffic from a street leading to plaintiff's property located at the end of the street. The court there held that although any abuse of street by commercial vehicles could be controlled by prosecution under traffic act, an amendment to the ordinance by the city to prohibit use of the Newark portion of a street by trucks and thus prevent commercial vehicles from gaining access to the property by the only convenient means, would be set aside as unreasonable, abitrary and discriminatory.

In Terminal Storage Inc. v. Raritan Tp. 15 N. J. Super. 547, 83 Atl. Rp. 2d, 662, decided October, 1951, the court struck down a restrictive ordinance of the township of Raritan, which by its terms prohibited the operation of vehicles carrying or ordinarily used to carry merchandise, goods, tools, or supplies upon specified streets of the township which included part of a street upon which the plaintiff's land faced, part of which land plaintiff had rented to a tenant who used it as a terminal for trucks and trailers used in their trucking business. The court there held that the ordinance as applied to plaintiff's property was unreasonable, arbitrary and discriminatory.

True the defendant's employer is not a party to this case, but the evidence clearly shows that the defendant and any other employees, officers or agents of the employer, who attempt to reach the garage base in the course of the business of the employer with trucks of the indicated weight, even though unloaded, during the hours of 10 P M. to 6 A. M., are subject by its plain terms to the provisions of the ordinance. That defendant has the absolute right to raise the question of the validity of the law under which he is here prosecuted, is not subject to doubt. See 10 O. Jur. 2d, Constitutional Law, §141 page 220.

One other question is presented in considering the ordinance here challenged by the appellant. Included among the streets, the use of which is prohibited to trucks of a gross weight in excess of four tons, between certain hours, are "East 133rd Street and East 136th Street." It is to be noticed that the text of the ordinance does not define the parts of these streets meant to come within its restrictions. Certainly the council could not have intended all streets in Cleveland designated and known as E. 133rd Street and East 136th Street should be included within the terms of the ordinance. Being indefinite and uncertain as to the streets to which the restrictions provided for shall apply, the ordinance is for such additional reason unenforceable.

For the reasons stated we therefore hold that the ordinance in question, insofar as it applies to this defendant in the course of his business, as an employee of the trucking company, is unreasonable, arbitrary and discriminatory, and a clear violation of constitutional rights, by reason of which the judgment of the Municipal Court of Cleveland is reversed and

final judgment is rendered for the defendant and the defendant discharged. Judgment accordingly. Exc. Order see journal.

KOVACHY, PJ, SKEEL, J, concur.