GATES, PLAINTIFF, *v.* PARMA (CITY) ET, DEFENDANTS.

Common Pleas Court, Cuyahoga County.

No. 796946.   Decided June 10, 1964.

*Mr. A. A. Perelman* and *Mr. Owen J. McCafferty*, for plaintiff.

*Mr. Andrew Boyko*, solicitor, for defendant.

(HODDINOTT, J., of Monroe County, sitting by assignment in Cuyahoga County.)

HODDINOTT, J. For the second time in admost two years, this Court is asked to determine the constitutionality of city ordinances imposing weight limits upon trucks using Snow Road in the City of Parma.

The plaintiff in the case at bar, a driver of a tractor-trailer, was arrested and charged with violating Codified Ordinance No. 341.12, entitled "Operation of Vehicles Exceeding 10,000 Pounds." He is awaiting trial in another court. In this Court he seeks an injunction against the City's restraining or obstructing him from driving a truck on Snow Road. The ordinance provides as follows:

It shall be unlawful for any person to drive or operate any vehicle designed to be used for the conveyance, transfer or delivery of freight, merchandise or other substances and materials usually hauled in such vehicles, exceeding a gross registered weight of ten thousand pounds, including the weight of the vehicle, whether loaded or unloaded, upon any street or other public place in the Municipality except on designated and marked Ohio State and Federal routes whether temporary or permanent. And further except, that when the loaded contents of such vehicle exceeding such weights are for delivery to, or such vehicle is called to remove merchandise or other material from any business house or other place not located on such State or Federal Routes, then such vehicles may be driven and operated on the streets and other public places not designated or marked as State or Federal Routes; but, only between the place of delivery or removal of freight and merchandise and the nearest intersecting Ohio State or Fdeeral Route.

The operators of such vehicles shall be required, upon request of any member of the Police Division or other person authorized by the Municipality to give full and true informa-

tion as to the route they are following and the names of the consignor and consignee, and place of delivery or removal; and the location of any consignment being hauled or goods being removed.

Plaintiff had made a commercial delivery on Snow Road, and then had continued on the same road for several miles en route to his next delivery, when he was arrested by the Parma police.

The Parma segment of Snow Road is five miles long and is the central part of an east-west county highway, about 13-miles long. There are four traffic lanes of ample width in the Parma section and in most of the rest of this county road. The road base is 9-inch concrete, reinforced with steel mesh, and is designed to carry the heaviest legal truck loads.

The Parma section of the road is almost entirely a residential neighborhood, largely built up with homes close to each other and to the street. The rest of the road is mostly commercial and industrial in character.

In the previous *Snow Road case* in this court, *Vaughn* v. *City of Parma* (1962) No. 757,633, 95 Ohio Law Abs., 6, there was an ordinance prohibiting trucks over two-tons from using certain designated streets. The ordinance in this case, which has been in effect for several years, prohibits five-ton trucks from using any streets except Federal and state routes. There is little practical difference between the two ordinances except the weight limit. Judge William K. Thomas of this court in a well-considered opinion in the *Vaughn case* declared that the ordinance in that case was unconstitutional and invalid. His cogent reasoning applies equally well to the ordinance in the case at bar because much of the evidence of the two cases was the same.

Additional evidence was presented in this case of breaks and holes in the pavement. These defects do not appear to be widespread, nor is there satisfactory evidence that they were caused by heavy trucks.

The city has the duty of maintaining this county road. It is designed for the type of traffic it has been getting. There is no evidence but that the depreciation is normal and what is reasonably to be expected.

Several witnesses testified that noise and vibration from

trucks were oppressive and made sleep and enjoyment of the abutting premises difficult. At this point, the interests of the local residents and the inhabitants of the general area clash.

Snow Road has been a county highway for many years. The county had the right to improve it so as to handle any legal traffic. It is unreasonable for the City to seek to shift heavy truck traffic onto other streets, some in other municipalities, which are not designated for this type of traffic, thereby creating added hazards for pedestrians and other drivers. *Janoviak et al* v. *Cregan, etc., et al* (1959), 162 N. E. (2d), 561, 82 Ohio Law Abs., 193. See also *City of Cleveland* v. *Antonio* (1955), 100 Ohio App., 334, 124 N. E. (2d), 846, 60 Ohio Opinions, 289, 70 Ohio Law Abs., 518.

C. O. 341.12 is unconstitutional and invalid. Plaintiff is entitled to an injunction prohibiting the defendant, its officers, employees and agents from restraining and obstructing plaintiff in driving or operating a truck, tractor or trailer on Snow Road in the City of Parma.