149 N.J. Super. 286 (1977)
373 A.2d 714
ALLENDALE NURSING HOME, INC., A CORPORATION OF NEW JERSEY, ET AL., PLAINTIFFS-RESPONDENTS,
v.
BOROUGH OF ALLENDALE, A MUNICIPAL CORPORATION OF NEW JERSEY, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 5, 1977.
Decided April 27, 1977.
*287 Before Judges HALPERN, ALLCORN and BOTTER.
Mr. David B. Bole argued the cause for appellants (Messrs. Winne & Dooley, attorneys).
Mr. C. Conrad Schneider argued the cause for respondents (Messrs. Schneider, Schneider & Behr, attorneys).
The opinion of the court was delivered by ALLCORN, J.A.D.
A reading of the provisions of N.J. Const. (1947), Art. IV, § VII, par. 9 makes plain that it has no application here. Nonetheless, in our view the ordinance *288 under review is invalid as an improper exercise of its power by the municipality.
Except where otherwise properly and legally empowered, a municipality is authorized to exercise its legislative prerogatives only by way of general enactment adopted for the purpose of serving the public interest. Thus, an ordinance will be held invalid "when it appears to have been passed not to subserve the interest of * * * the public, but to serve the interests of some private person or arbitrary class of persons." 5 McQuill., Municipal Corporations (3 ed., 1969 rev. vol.), § 15.17 at 76; Union Towel Supply Co. v. Jersey City, 99 N.J.L. 52 (Sup. Ct. 1924); Delaney v. Hoboken, 107 N.J.L. 1 (Sup. Ct. 1930). The rule applies equally to ordinances adopted for the purpose of regulating traffic within the municipality, as it does to all other areas delegated by the Legislature. In the course of an opinion discussing the propriety of a section of an ordinance excluding a certain weight and class of vehicles from a municipal street, our Supreme Court stated that such ordinances "must bear a direct relationship to the public safety and not be arbitrary, discriminatory or capricious". Samuel Braen, Inc. v. Waldwick, 28 N.J. 476, 481 (1958).
The ordinance adopted by the borough expressly prohibits vehicular entrance "from Harreton Road * * * to the private access way to the premises" of plaintiff (§ 2(a)), and vehicular exit from the private access way on said premises "onto Harreton Road" (§ 2(b)), excepting in both instances "authorized emergency vehicles." This is not a general enactment. Instead, it is legislation which on its face is explicitly directed at and discriminates against one specific property within the municipality. Its discriminatory intent and effect render the ordinance void. Compare, Terminal Storage, Inc. v. Raritan Tp., 15 N.J. Super. 547 (Law Div. 1951), which held invalid an ordinance adopted for the same purpose and with the same effect as the ordinance here under review. That case was cited with approval by the Supreme Court in the Braen case, supra, 28 N.J. at p. 481.
*289 Nor, contrary to the contention of the defendants, is the borough empowered to adopt this ordinance by the terms of N.J.S.A. 39:4-197(1)(h). The delegation therein is restricted to ordinances regulating "the entrances to and exits from parking yards and parking places which are open to the public or to which the public is invited," a subject matter and area that the private driveway and premises of the plaintiffs' nursing home plainly do not embrace.
The remaining contentions of the defendants are similarly without merit.
Affirmed.